Dear Representative Quezaire:
You have requested an opinion of the Attorney General regarding the statutory provisions comprising the Louisiana Enterprise Zone Act (i.e., R.S. 51:1781, et seq.). You specifically ask whether the Board of Commerce and Industry (Board) has the authority to waive the prior notice requirement found at R.S.51:1787(B)(5) and (D)(5).
R.S. 51:1787 authorizes the Board to enter into contracts for the rebate of sales and use taxes imposed by the state and its local governmental subdivisions to qualifying businesses and/or industries. R.S. 51:1787(A)(5) sets forth the authority and conditions for Urban Enterprise Zones and Section 1787(C) and (D) set forth the same for Rural Enterprise Zones. Subsections B and D list the conditions which must be met by the applicant in order to qualify for Enterprise Zone benefits. Both contain the following identical provision:
 "B. [D]. The board may enter into the contracts provided in Subsection A [C] of this Section provided that:
* * *
 (5) The business makes its request for rebate of sales and use tax or the tax credit prior to beginning construction of its building, or any addition or improvement thereon, or prior to installation of the machinery or equipment to be used in the Enterprise Zone."
As can be seen from the above, one of the conditions which must be met by the applicant in order to qualify for benefits is that it makes its request timely. This condition is a legislative mandate for which no provision of waiver is made in the law. While this office is cognizant of the doctrine of contemporaneous construction — that the interpretation of law adopted by those charged with its administration over a long period of time must be accorded great weight — we are also mindful of the jurisprudential principle that the administrative construction of a statute that is contrary or inconsistent with legislative intent cannot be given effect. See Sales Tax District No. 1 of the Parish of Lafourche, et al v. Express Boat Company, Inc. 500 So.2d 364 (La. 1987).
Further, Article II, Section 2 of the Louisiana Constitution of 1974 provides as follows:
 "Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others."
Therefore, it is the opinion of this office that the prior notice requirements contained in R.S. 51:1787(B)(5) and (D)(5) are legislative mandates which may not be waived by the Louisiana Board of Commerce and Industry.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/ROB3/bb 0349R